**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Joshua Kerr Cramer, Appellant.

Appellate Case No. 2017-002471

———————————

Appeal From York County
Grace Gilchrist Knie, Circuit Court Judge

———————————

Unpublished Opinion No. 2020-UP-190
Submitted May 1, 2020 – Filed June 24, 2020

———————————

**AFFIRMED**

———————————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Sherrie Butterbaugh, all of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

———————————

**PER CURIAM:**  Joshua K. Cramer appeals the circuit court's dismissal of his motion for resentencing from a sentence of life imprisonment without the possibility of parole (LWOP).  On appeal, he argues the circuit court erred in dismissing his motion because (1) his life sentence violates the constitutional requirements of an individualized and proportionate sentence because at eighteen years old he shared the same developmental qualities and characteristics as offenders under age eighteen and (2) his life sentence violates the equal protection clause because of his classification as an adult.  We affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities:

1.  The circuit court did not err in dismissing Cramer's motion for resentencing based on Cramer's chronological age.  Cramer was eighteen and ten months old at the time of the offense, and therefore he is not entitled to resentencing.  *See Miller v. Alabama*, 567 U.S. 460, 465 (2012) (holding mandatory life sentences without the possibility of parole for offenders under age eighteen violates the Eighth Amendment ban on cruel and unusual punishment); *Aiken v. Byars*, 410 S.C. 534, 537 n.1, 765 S.E.2d 572, 573 n.1 (2014) ("In South Carolina, pursuant to Section 63-19-20 of the South Carolina Code (2010), a juvenile is a person less than seventeen years of age.  However, *Miller* extends to defendants under eighteen years of age and therefore for the *purposes of this opinion we consider juveniles to be individuals under eighteen*." (emphasis added)).

2.  As to Cramer's Equal Protection Clause argument, we hold this issue is not preserved for appellate review because the circuit court did not specifically rule on this argument.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and *ruled upon by the trial judge.  Issues not raised and ruled upon* in the trial court will not be considered on appeal." (emphasis added)).

**AFFIRMED.**[1]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.